**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1671

LIONEL S. DORSEY, individually and as Personal Representative of the Estate of
Deontre Dorsey; ANDREA R. SMOOT, individually and as Personal
Representative of the Estate of Deontre Dorsey; TRINA SWANN, as Mother and
Next Friend of D.S.; MARGARET MEREDITH, as Mother and Next Friend of
D.D., D.D., D.D.,

    Plaintiffs - Appellees,

  v.

MICHAEL SOKOLOFF, Individually and in his Official Capacity as a Charles
County Deputy Sheriff,

    Defendant - Appellant,

  and

BOARD OF CHARLES COUNTY COMMISSIONERS; STATE OF
MARYLAND; CAPTAIN MICHAEL MCGUIGAN, Individually and in his
Official Capacity as a Charles County Deputy Sheriff; SHERIFF TROY BERRY,
Individually and in his Official Capacity as a Charles County Sheriff; SHERIFF REX
WAYNE COFFEY, Individually and in his Official Capacity as a Charles County
Sheriff,

    Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Peter J. Messitte, Senior District Judge.  (8:18-cv-00829-PJM)

Submitted:  August 30, 2021        Decided:  November 12, 2021

Before GREGORY, Chief Judge, KING, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Daniel Karp, KARPINSKI, CORNBROOKS & KARP, PA, Baltimore, Maryland; John F. Breads, Jr., LOCAL GOVERNMENT INSURANCE TRUST, Hanover, Maryland, for Appellant. Timothy F. Maloney, Matthew M. Bryant, Alyse L. Prawde, JOSEPH, GREENWALD & LAAKE, P.A., Greenbelt, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lionel Dorsey, Andrea Smoot, Trina Swann, and Margaret Meredith (collectively, "Appellees") brought this action against Michael Sokoloff, a former corporal with the Charles County, Maryland, Sheriff's Office, and others,[1] asserting claims of excessive force and interference with medical treatment under 42 U.S.C. § 1983 and various state law claims. Appellees' allegations stemmed from an incident in which Sokoloff repeatedly used his taser on DeOntre Dorsey ("DeOntre"). DeOntre stopped breathing at the scene, did not regain consciousness, and remained in a semi-vegetative state until his death approximately nine months later. Sokoloff moved for summary judgment, asserting that he was entitled to qualified immunity because he did not violate DeOntre's constitutional rights, nor was he on notice that his taser use was unconstitutional. The district court denied Sokoloff's motion, concluding that viewing the facts in the light most favorable to Appellees, "Sokoloff violated [DeOntre's] clearly established constitutional right to be free from unnecessary, gratuitous, and disproportionate force while unarmed and secured." (J.A. 537 (internal quotation marks omitted)).[2]

We may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). "A district court's denial of

---

[1] This appeal only concerns the district court's denial of qualified immunity to Sokoloff.

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

summary judgment on the basis of qualified immunity is a collateral order and therefore subject to immediate appellate review, despite being interlocutory," *Williams v. Strickland*, 917 F.3d 763, 768 (4th Cir. 2019), provided that the court's reasoning rests on a purely legal determination that the facts do not establish a violation of a clearly established right, *Iko v. Shreve*, 535 F.3d 225, 234-36 (4th Cir. 2008). Thus, "[o]ur review of such orders is limited to a narrow legal question: if we take the facts as the district court gives them to us, and we view those facts in the light most favorable to the plaintiff, is the defendant still entitled to qualified immunity?"[3] *Williams*, 917 F.3d at 768 (footnote omitted).

Viewing the facts as the district court gave them to us, and in the light most favorable to Appellees, *id.*, we agree with the district court's conclusion that a reasonable jury could conclude that Sokoloff "acted in a way that, as a matter of law, violated [DeOntre's] clearly established . . . Fourth Amendment right to freedom from excessive force," *id.* at 770; *see Meyers v. Balt. Cnty.*, 713 F.3d 723, 734 (4th Cir. 2013) ("It is an excessive and unreasonable use of force for a police officer repeatedly to administer electrical shocks with a taser on an individual who no longer is armed, has been brought to the ground, has been restrained physically by several other officers, and no longer is actively resisting arrest."). We therefore affirm the district court's order. *Dorsey v. Sokoloff*, No. 8:18-cv-00829-PJM (D. Md. May 21, 2019). We dispense with oral

---

[3] We previously denied Appellees' motions to dismiss the appeal in its entirety for lack of jurisdiction.

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*